IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| EARL G. DIONNE, | ) | |
| | ) | |
| Petitioner, | ) | Case No.  CV99-0150-N-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| PHILLIP FOSTER, Warden, Idaho | ) | |
| State Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is this closed matter is Petitioner's Rule 60(b) Motion for

Relief from Judgment (Docket No. 23).  On June 23, 1999, the Court dismissed Petitioner's

federal Habeas Corpus Petition with prejudice for failure to file within the statute of

limitations period; the Court alternatively concluded that Petitioner had failed to exhaust his

state court remedies (Docket No. 9).

**I.**

**MOTION FOR RELIEF FROM JUDGMENT**

**A.      Applicable Law**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from

judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an

adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

**MEMORANDUM ORDER - 1**

discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b).  Relief under the "catch-all" provision of Rule 60(b)(6) should be granted only in "extraordinary circumstances," as an equitable remedy "to accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).  Rule 60(b) subsection (1), (2), and (3) requests must be filed within one year of judgment, while subsection (4), (5), and (6) requests must be filed within a reasonable time.  Fed. R. Civ. P. 60(b).

Rule 60(b) "applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2646 (2005).  Petitioner has not brought new claims, but contends that the Court erred in dismissing his Petition on procedural grounds; therefore, the successive petition bar is not implicated.  *See id*. at 2648 n.4.

Petitioner brings his claim under 60(b)(6), alleging that good reasons exist that would justify relief from the judgment dismissing his Habeas Corpus Petition.  The Court first determines whether Petitioner has filed his Motion within a reasonable time, as required by the Rule.

Petitioner received a "Tentative Decision" from the California State Bar on March 22, 2005, authorizing reimbursement for fees he paid to Attorney Richard Dangler for the purpose of filing this federal habeas corpus action.  Dangler was later disbarred.  *See Tentative Decision of California State Bar* (Docket No. 23-1).  The final decision of the

**MEMORANDUM ORDER - 2**

California State Bar was issued on April 25, 2005.  Petitioner's Motion was filed six months later, on October 6, 2005.

Petitioner has offered no reason why he could not have filed a Motion for Relief from Judgment requesting equitable tolling in this case based upon his attorney's conduct many years ago, given that judgment in this case was entered in 1999.  The California State Bar opinion only confirms what Petitioner could have alleged and shown much earlier – that his counsel was negligent in filing his federal action when and as he did.  Further, even if Petitioner considered the California Bar opinion a necessary pre-requisite to his Rule 60(b) Motion, he waited half of a year to file it, and has given no explanation for that delay. Therefore, the Court concludes that Petitioner has not filed his Motion within a reasonable time period, as required by the Rule.

**B.**     **Discussion of Statute of Limitations and Errors of Counsel**

Even though the Court determines that Petitioner's Motion was filed in an untimely manner, the Court shall address Petitioner's equitable tolling argument for purposes of an efficient appeal.  Petitioner asserts that the Court erred in dismissing his federal Habeas Corpus Petition for failure to meet the statute of limitations deadline.  The Court notes that Petitioner was not presented with an opportunity to show equitable tolling prior to dismissal. The Court considers Petitioner's present filings as his request and presentation of factual grounds for equitable tolling.

**MEMORANDUM ORDER - 3**

Petitioner contends that the untimeliness of the federal Petition was the fault of his counsel.  Petitioner retained his counsel on January 28, 1998.  *See Tentative Decision of California State Bar* (Docket No. 23-1).  Petitioner's federal statute ran on or about April 18, 1998.  Counsel filed Petitioner's Petition on April 21, 1999.

To establish entitlement to equitable tolling, a litigant bears the burden of proving  (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005).
The inaction of counsel must arise to the level of "extraordinary circumstances" in order to qualify as grounds for equitable tolling.  *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).

An attorney's miscalculation of the limitations period and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.  *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).  *See also Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002) (appointed counsel's letter to petitioner containing miscalculated date for filing federal habeas petition was not an extraordinary circumstance warranting equitable tolling of one-year limitations period).  In *Spitsyn*, the petitioner retained counsel one full year in advance of the statute of limitations deadline, but counsel failed to file anything at all.  During the one-year limitations period, the petitioner and his mother made diligent efforts to contact counsel regarding meeting the deadline, with no success because counsel ignored their requests.

**MEMORANDUM ORDER - 4**

Here, in contrast to *Spitsyn*, Petitioner retained counsel just a few months prior to the deadline, and counsel actually filed a Petition, though it was too late.  Petitioner has shown only that counsel was negligent in failing to file the federal Petition on time.  Petitioner has brought forward no facts to show that counsel's actions arise to the level of "extraordinary circumstances" to excuse the failure to meet the statute of limitations.[1]  The Court concludes that Petitioner has not demonstrated that extraordinary circumstances prevented the timely filing of his federal Habeas Corpus Petition.

Petitioner also asserts that he is actually innocent.  The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations.  *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to next decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations").  *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists.  *Id*. at 777-78.

To show actual innocence in a case where a petitioner pled guilty in state court and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner

---

[1]  Further, by the time Petitioner retained counsel, it was too late to properly exhaust Petitioner's state court remedies.  Therefore, Petitioner's counsel's actions or omissions could not have caused Petitioner's procedural default.

**MEMORANDUM ORDER - 5**

guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Jaramillo v. Stewart*, 340 F.3d 877 (9th Cir. 2003) (leaving open the question of whether AEDPA raised the *Schlup* "more likely than not" standard to a "clear and convincing evidence" standard).

It does not appear from the partial record before the Court that Petitioner can show actual innocence. Because Petitioner's Motion was not filed within a reasonable time, and because it does not appear that Petitioner is actually innocent, the Court will conditionally deny Petitioner's Motion for Relief from Judgment. However, because it would be helpful to the Court to have briefing on the actual innocence issue as well as relevant portions of the state court record to make a more complete record for appeal, the Court will order the Idaho Attorney General to respond to the limited issue of whether Petitioner has shown that he is actually innocent for purposes of an actual innocence exception to the statute of limitations. After the issue is fully briefed, the Court will enter a final order on the Motion for Relief from Judgment.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that, on or before **July 14, 2006**, the Idaho Attorney General shall file a brief responding to Petitioner's contention that he is actually innocent so as to invoke an actual innocence exception to the statute of limitations.

**MEMORANDUM ORDER - 6**

The Idaho Attorney General shall also lodge pertinent portions of the state court record with the Clerk of Court.  Petitioner may file a reply on or before **August 4, 2006.**

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Relief from Judgment (Docket No. 23) is conditionally DENIED.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve a copy of the Motion (Docket No. 23), with attachments, together with a copy of this Order, on the Attorney General for the State of Idaho on behalf of Respondent, as follows:

L. LaMont Anderson
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720-0010.

IT IS FURTHER HEREBY ORDERED that any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

DATED:  **May 3, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 7**