IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| EARL G. DIONNE, | ) | |
| | ) | |
| Petitioner, | ) | Case No.  CV99-0150-N-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| PHILLIP FOSTER, Warden, Idaho State Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On June 23, 1999, the Court dismissed Petitioner's federal Habeas Corpus Petition with prejudice for failure to file within the statute of limitations period and, alternatively, for failure to properly exhaust state court remedies (Docket No. 9).  On October 6, 2005, Petitioner filed a Rule 60(b) Motion for Relief from Judgment (Docket No. 23).  On May 3, 2006, the Court conditionally denied the Rule 60(b) Motion and allowed further development of the record and briefing on Petitioner's claim of actual innocence as an excuse for missing the statute of limitations (Docket No. 25).

Currently pending before the Court are Petitioner's Motion for Reconsideration of Order conditionally denying the Rule 60(b) Motion (Docket No. 26) and Petitioner's Motion for Evidentiary Hearing de Novo (Docket No. 36).  Having considered the Motions and Responses, the Court enters the following Order.

**MEMORANDUM ORDER - 1**

**I.**

**PETITIONER'S MOTION FOR RECONSIDERATION**

**A.      Introduction**

Pursuant to a plea agreement, Petitioner was convicted of one count of lewd conduct with a minor under sixteen and one count of sexual abuse of a child under sixteen. *See State Court Record*, Exhibit A, at p. 2. Petitioner was sentenced to a unified term of fifteen years indeterminate, with the first three years fixed. *State Court Record*, Exhibit B. Petitioner was unsuccessful in challenging his conviction and sentence in state court. As stated above, this Court dismissed Petitioner's federal Habeas Corpus Petition on June 23, 1999, for failure to meet the statute of limitations, and entered judgment in this case on that same date (Docket Nos. 9 & 10).

Pending before the Court is Petitioner's Motion to Reconsider the Court's Order conditionally denying his first Motion to Reconsider. The Court previously determined that Petitioner's Rule 60(b) Motion was untimely, but nevertheless allowed Petitioner an opportunity to show actual innocence to promote an efficient appeal. The Court will not again address Respondent's argument that the Motion was untimely, because that issue has already been decided in Respondent's favor.

While Petitioner's judgment in this habeas corpus case was entered in June 1999, Petitioner waited until October 2005, to offer evidence of equitable tolling. The Court considered and rejected that evidence in its previous Order (Docket No. 25). Petitioner now

brings additional grounds for equitable tolling. The Court has already concluded that Petitioner's October 2005 Rule 60(b) Motion was untimely, and the Court will not consider additional grounds for equitable tolling brought in papers filed at an even later date.

Similarly, the Court does not address Petitioner's cause and prejudice arguments, because, as the Court finds herein below, Petitioner has not shown actual innocence to potentially excuse his untimeliness. Petitioner has made many attempts to re-open this case, and the Court simply will not allow him to persist, in light of the goals of efficiency and finality of the Anti-terrorism and Effective Death Penalty Act (AEDPA).

A showing of actual innocence is required prior to the court deciding whether an actual innocence exception to the statute of limitations exists. *See Majoy v. Roe*, 296 F.3d 770, 777-78 (9th Cir. 2002). Respondent has extensively argued that no actual innocence exception to the statute of limitations exists and that this court does not have authority to engraft such an exception onto the habeas corpus statute. However, the Court need not reach this argument, because Petitioner has not shown that he is actually innocent.

The Court previously required Respondent to submit portions of the state court record so that the Court could more fully evaluate Petitioner's claim of actual innocence. Respondent has done so. *See State Court Records* (Docket No. 34). After a review of the state court record, the Court finds that Petitioner has failed in his burden to show that he is actually innocent. Particularly, to show actual innocence in a case where a petitioner pled guilty in state court and did not have the evidence in his case evaluated by a jury, that

**MEMORANDUM ORDER - 3**

petitioner must show that, based on all of the evidence, including any "new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001) (*citing Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (procedural default context).

The Supreme Court has recently clarified that to show actual innocence in the similar context of procedural default, a petitioner is required to make a showing stronger than that to show prejudice. *See House v. Bell*, 126 S.Ct. 2064, 2076-78 (2006). In addition, actual innocence means "factual" innocence, not mere legal innocence as a result of a legal error. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

The Court agrees with Respondent's assessment that Petitioner's arguments are mainly legal challenges, which do not meet the standard for a showing of "factual" innocence. The Court will review each of Petitioner's arguments on actual innocence.

**B.    Legal Challenges to Petitioner's Conviction**

Petitioner next asserts that the following items demonstrate that he is actually innocent. The Court concludes that all of these items are legal arguments, rather than showings of factual innocence: (1) "the alleged evidence recovered after my illegal arrest may not form the basis of probable cause for my arrest"; (2) "[t]hrough the public defender's apparent manipulation, [he] was denied [his] right to counsel, of my choice"; (3) "trial

counsel did not devote adequate professional time and resources"; (4) the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963);[1] (5) "the criminal statutes are 'unconstitutionally vague'"; and (6) he was the victim of "entrapment." These arguments are rejected as the basis for actual innocence, because they are arguments of legal, not factual, innocence. To the extent that any of these arguments encompass Petitioner's allegations that there is insufficient evidence to show that he is guilty of the crime, the Court shall address that argument below.

## C.   Insufficiency of Evidence Argument

Petitioner's argument that the evidence was insufficient to support probable cause or a conviction is based upon several factual allegations: that the prosecutor relied on improperly influenced witness testimony, that there was a tape recording of the victim saying that she was "being paid to go to school for going to court" against Petitioner, and that the victim allegedly said, "nothing had happened between us," to a school employee.

---

[1] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Petitioner's *Brady* claim appears to be based on the factual allegations set forth directly below in Section C of this Order. *See Affidavit of Petitioner*, at pp. 42-43 (Docket No. 23-3). Because Petitioner has had ample time to request production of any items that fall into the *Brady* category of disclosure during his state court action or prior to the Court's 1999 dismissal of this action, the Court will not now require the State to attempt to produce information related to the items Petitioner identifies.

**MEMORANDUM ORDER - 5**

In the procedural default setting, the Ninth Circuit explained the type of showing necessary for actual innocence in *Ganderela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002). This explanation is instructive in this statute of limitations context, as well:

> In *Carriger* we held that new evidence that undermines the credibility of the prosecution's case may alone suffice to get an otherwise barred petitioner through the *Schlup* gateway. We did not hold that such evidence necessarily must get a petitioner through the *Schlup* gateway. Whether evidence is sufficient to get a petitioner through the *Schlup* gateway depends on whether the evidence is such that it is "more likely than not that no reasonable juror would have found petitioner guilty. . . ." *Schlup*, 513 U.S. at 327, 115 S.Ct. 851.

*Id*. at 1086.

Similarly, in *House v. Bell*, the United States Supreme Court further explained that "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt -or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." 126 S.Ct. at 2077. In *House*, the Court found that House met his burden of a threshold showing of actual innocence by bringing forward evidence calling into question "the central forensic proof connecting House to the crime - the blood and the semen," and "put[ting] forward substantial evidence pointing to a different suspect." *Id*. at 2086. "Accordingly, the Court concluded, "although the issue is close, we conclude that this is the rare case where - had the jury heard all the conflicting testimony - it is more likely than not that no reasonable juror viewing the record as a whole would lack reasonable doubt. *Id.*

**MEMORANDUM ORDER - 6**

Respondent counters Petitioner's argument by contending that Petitioner has failed to show that his actual innocence evidence is newly discovered. However, in the context of a claim that a person is actually innocent of a conviction, the United States Supreme Court has noted that, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence *not presented at trial*." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added); *accord Griffin v. Johnson*, 350 F.3d 956, 962-63 (9th Cir. 2003) (to meet *Schlup* standard, petitioner need not present newly *discovered* evidence, only newly *presented* evidence).

The Court concludes that Petitioner is not required to present newly-discovered evidence, because he pled guilty. In a guilty plea context, a petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d at 1084. In light of this standard, the Court will review the evidence presented at the hearings, as well as that Petitioner believes supports his innocence.

At the preliminary hearing, the fifteen-year-old victim testified as follows. Petitioner began giving her rides home from an evening country line dancing class, and on one occasion he turned a wrong direction and pulled over and parked. The victim asked to see Petitioner's penis, and he showed her. She stated that she touched it, and then was embarrassed. *State Court Record*, Exhibit F-4, at pp. 8-9. She liked Petitioner's attention, and sought him out at his residence. There, he asked her to put her head on his crotch area, and he ejaculated.

**MEMORANDUM ORDER - 7**

*Id*. at pp. 11-13.  Afterwards, Petitioner kissed her on the lips.  *Id*. at p.14.  She had additional sexual contact with him on subsequent dates.  *Id.* at pp. 18, 20, & 23-24.  Petitioner showed her a pornographic video on yet another date.  *Id*. at p. 22.  Petitioner also gave the victim a "dildo" or rubber penis.  *Id.* at p. 25.

Evidence other than the victim's testimony includes the following.  A pornographic video was found at Petitioner's residence.  *State Court Record*, Exhibit A-5 (Affidavit of Debra Dione at ¶ 7).  Lieutenant Charles Angle testified that Petitioner admitted that he had given the victim a "dildo."  *State Court Record,* Exhibit F-4, at p. 34.  Petitioner admitted that he gave the victim a "novelty dildo" in his Reply.  *See Petitioner's Reply*, at p. 2 (Docket No. 35).  In his own words, Petitioner admitted that he "did flirt [moving erratically, showing causal interests and liking] and communicated sexual conversations with the child [when she told Petitioner her brother and father were sexually molesting her] under sixteen years of age which I now most deeply regret."  *Reply*, at p. 37.  Petitioner also admitted to a psychologist that he met six to eight times with the victim, held hands with her, and kissed her once.  *State Court Record*, Exhibit A-5 (Psychiatric Evaluation, at p. 2).

The Court takes into consideration the foregoing evidence when it reviews Petitioner's factual allegations as to his actual innocence.  First, he states that the prosecutor relied on improperly influenced witness testimony.  It is unclear what Petitioner's specific allegations are.  At one point, Petitioner argued that school staff coached the victim into accusing

**MEMORANDUM ORDER - 8**

Petitioner of sexual contact. Petitioner has presented no evidence regarding his allegations of coaching the victim.

Petitioner also alleges that the victim told school staff and/or law enforcement officers that "nothing happened between her and [Petitioner]." This statement does not show Petitioner's innocence in light of the other evidence that was presented at the preliminary hearing and in light of Petitioner's own statements regarding his personal involvement with the victim. While Petitioner professes his innocence based upon only his version of events in isolation, the Court views his version of events in light of the other evidence in the record. While the Court finds that there is no evidence that Petitioner had sexual intercourse with the victim, that is not the criminal conviction at issue. The Court rejects Petitioner's argument that the evidence in the record is insufficient to support the elements of the crimes of which he was convicted - lewd conduct and sexual abuse of a minor under the age of sixteen. That the victim sometimes initiated the meetings or the sexual contact also does not show Petitioner's innocence under the law because a fifteen-year-old is unable to lawfully consent to sexual activity with an adult. Petitioner's version of events surrounding the sexual contact is fairly consistent with the victim's version of events surrounding the sexual contact, and therefore his story tends to support rather than negate, his guilty plea to lewd conduct and sexual abuse of a minor.

Second, Petitioner alleges that there was a tape recording of the victim saying that she was "being paid to go to school, for going to court against [Petitioner]." It is unclear exactly

**MEMORANDUM ORDER - 9**

what this means, other than to suggest that the victim had a motive to lie about the crimes. Petitioner has not produced the tape recording.

Third, Petitioner asserts that the victim allegedly said, "nothing had happened between us," to a school employee. He alleges that janitors at the witness's school said that the victim "was a lying storyteller, well known at her school." *Reply*, at p. 42. Petitioner has not provided any affidavits, depositions, or other evidence showing who these witnesses are and what their testimony would be.

Petitioner also alleges that "[a] clear example of Petitioner's actual innocence is where the State's witness's father and brother were raping and molesting the State's witness and Petitioner was trying to help her, and the wrong person has been convicted." *Reply*, at p. 33. Petitioner has brought forward no evidence supporting this allegation. Even if it were true that the victim was also sexually abused by family members, it does not explain the six to eight times Petitioner admits to having been alone with the victim from which the particular allegations against him arise.

**D.     Conclusion**

Based on all of the foregoing, Petitioner has not shown that it is more likely than not that no reasonable juror viewing the record as a whole would lack reasonable doubt. Petitioner has not supported his allegations with admissible evidence, and his factual allegations, in light of the other evidence in the record, is not of the type of extraordinary evidence such as that proffered in *House*. Here, where the victim is a fifteen-year-old girl,

evidence that she wavered when speaking about embarrassing incidents (such as sexual relations with a older man and having a "dildo" at school), is not the kind of extraordinary evidence required by *House*. Rather, it is the kind of evidence that is regularly to be expected of a teenaged victim in this type of case. As stated above, on the whole, the victim's story surrounding the sexual acts matches Petitioner's story in several key ways.

Because Petitioner has not shown that he is actually innocent of the crimes for which he was convicted, the Court need not reach the question of whether actual innocence is an exception to the statute of limitations. As a result, Petitioner's Motion to Reconsider is denied, and the conditional denial of Petitioner's Rule 60(b) Motion is made final.

## II.

## PETITIONER'S MOTION FOR EVIDENTIARY HEARING

Petitioner has brought forward insufficient evidence to warrant an evidentiary hearing on his actual innocence arguments. As a result, his Motion for an Evidentiary Hearing (Docket No. 36) is denied.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration of Order denying the Rule 60(b) Motion (Docket No. 26) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Relief from Judgment (Docket NO. 23) is DENIED.

**MEMORANDUM ORDER - 11**

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Evidentiary Hearing de Novo (Docket No. 36) is DENIED.

DATED: **March 21, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 12**